# EXHIBIT A

STEVEN B. BARRETT, ESQ.
IDENTIFICATION NO. 65857
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
1684 S. BROAD STREET – SUITE 230
PO BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
sbarrett@hrmml.com (e-mail)
gamado@hrmml.com



Filed and Attested by the
Office of Judicial Records
19 AUG 2025 ... pm

ATTORNEY FOR PLAINTIFFS

---

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

SILKE ERNEY                                    :    NO:
450 E. High Street                             :
Pottstown, PA 19464                            :
    Plaintiff             :
 v.                                       :
                                               :
WALMART, INC.                                  :    JURY TRIAL DEMANDED
c/o CT Corporation System                      :    TWELVE JURORS REQUESTED
600 N. 2nd Street, Suite 401                   :
Harrisburg, PA 17101                           :    ASSESSMENT OF DAMAGES
                                               :    HEARING IS REQUIRED
  and                               :
                                               :
WAL-MART STORES EAST, LP                       :
c/o CT Corporation System                      :
600 N. 2nd Street, Suite 401                   :
Harrisburg, PA, 17101                          :
                                               :
  and                               :
                                               :
WAL-MART STORES EAST, LLC                      :
c/o CT Corporation System                      :
600 N. 2nd Street, Suite 401                   :
Harrisburg, PA, 17101                          :
                                               :
  and                               :
                                               :
WALMART SUPERCENTER                            :
620 Gravel Pike                                :
East Greenville, PA 18041                      :
    Defendants           :

---

{04134994;v1 }

Case ID: 250802146

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. HIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

## AVISO – CIVIL ACTION

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASCOCIACIÓN DE LICENCIADOS DE FILADELFIA

Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

{04134994;v1 }

Case ID: 250802146

STEVEN B. BARRETT, ESQ.
IDENTIFICATION NO. 65857                                  34222
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, P.C.**
1684 S. BROAD STREET – SUITE 230
PO BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
sbarrett@hrmml.com (e-mail)                ATTORNEY FOR PLAINTIFFS
gamado@hrmml.com

---

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION

SILKE ERNEY                              :        NO:
450 E. High Street                       :
Pottstown, PA 19464                      :
                    Plaintiff            :
        v.                               :
                                         :
WALMART, INC.                            :        JURY TRIAL DEMANDED
c/o CT Corporation System                :        TWELVE JURORS REQUESTED
600 N. 2nd Street, Suite 401             :
Harrisburg, PA 17101                     :        ASSESSMENT OF DAMAGES
                                         :        HEARING IS REQUIRED
                                         :
        and                              :
                                         :
WAL-MART STORES EAST, LP                 :
c/o CT Corporation System                :
600 N. 2nd Street, Suite 401             :
Harrisburg, PA, 17101                    :
                                         :
        and                              :
                                         :
WAL-MART STORES EAST, LLC                :
c/o CT Corporation System                :
600 N. 2nd Street, Suite 401             :
Harrisburg, PA, 17101                    :
                                         :
        and                              :
                                         :
WALMART SUPERCENTER                      :
620 Gravel Pike                          :
East Greenville, PA 18041                :
                    Defendants           :

---

{04134994;v1 }

Case ID: 250802146

## COMPLAINT

Plaintiff, Silke Erney, by and through her attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, hereby files this Complaint and in support thereof aver the following:

### Parties

1.    Plaintiff, Silke Erney, is an adult individual and resides at 450 E. High Street, Apt. 804, Pottstown, PA 19464.

2.    Defendant, Walmart, Inc., is an Arkansas corporation and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

3.    Defendant, Walmart, Inc. is the exclusive retailer, marketer, seller, and distributor of the Mainstays Electric Minichopper (hereinafter "Product") which was purchased at the Walmart Supercenter located at 620 Gravel Pike, East Greenville, PA.

4.    At all times relevant hereto Defendant, Walmart, Inc., as the exclusive retailer, marketer, seller, and distributor of the Product, was responsible to ensure the aforementioned Product was in a safe condition for the intended home use.

5.    Defendant, Wal-Mart Stores East, LP, is an Arkansas limited partnership and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

6.    Defendant, Wal-Mart Stores East, LP, is the exclusive retailer, marketer, seller, and distributor of the Mainstays Electric Minichopper (hereinafter "Product") which was purchased at the Walmart Supercenter located at 620 Gravel Pike, East Greenville, PA.

{04134994;v1 }

Case ID: 250802146

7.    At all times relevant hereto Defendant, Wal-Mart Stores East, LP, as the exclusive retailer, marketer, seller, and distributor of the Product, was responsible to ensure the aforementioned Product was in a safe condition for the intended home use.

8.    Defendant, Wal-Mart Stores East, LLC, is an Arkansas limited liability corporation and regularly conducts business in the Commonwealth of Pennsylvania, with an office for acceptance of service c/o CT Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

9.    Defendant, Wal-Mart Stores East, LLC, is the exclusive retailer, marketer, seller, and distributor of the Mainstays Electric Minichopper (hereinafter "Product") which was purchased at the Walmart Supercenter located at 620 Gravel Pike, East Greenville, PA.

10.    At all times relevant hereto Defendant, Wal-Mart Stores East, LLC, as the exclusive retailer, marketer, seller, and distributor of the Product, was responsible to ensure the aforementioned Product was in a safe condition for the intended home use.

11.    Defendant, Walmart Supercenter, located at 620 Gravel Pike, East Greenville, PA, is the exclusive retailer, marketer, seller, and distributor of the Mainstays Electric Minichopper (hereinafter "Product") and the location at which the Product was purchased.

12.    At all times relevant hereto Defendant, Walmart Supercenter, as the exclusive retailer, marketer, seller, and distributor of the Product, was responsible to ensure the aforementioned Product was in a safe condition for the intended home use.

## Jurisdiction and Venue

13.    This Court has jurisdiction over the Defendants inasmuch as the Defendants conduct business within this Commonwealth and because the events giving rise to the above captioned action occurred herein.

{04134994;v1 }

14.     Venue for this action is properly laid in Philadelphia County pursuant to Pa.R.C.P. 2179 because the Defendants regularly conduct business herein.

### Underlying Facts

15.     The Mainstays Electric Minichopper (hereinafter "Product")purchased, at issue and the one that malfunctioned, was put on display for sale in the clearance aisle of the Defendant Walmart Supercenter located at 620 Gravel Pike, East Greenville, PA 18041.

16.     The Product, pictured below, is retailed, marketed, sold and distributed by the Defendants Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter.



17.     On or about, 8/31/2023, Plaintiff was at her son's house preparing a meal for the family. This was the first time the Product was used since purchase.

18.     Silke removed the Product from the original box and was attempting to attach the blade, and / or assemble the Product as instructed, when suddenly and unexpectedly the blades activated severely and violently cutting Silke's left hand.

19.     The Product is exclusively retailed, marketed, sold, and distributed by the Defendants.

{04134994;v1 }

20.    On or about 4/4/2024, approximately 8 months after the incident, Defendants recalled the Product.  See below from United States Consumer Product Safety Commission Recall.



**United States**
**CONSUMER PRODUCT SAFETY COMMISSION**

## Walmart Recalls Mainstays Electric Mini Choppers Due to Laceration Hazard; Sold Exclusively at Walmart



Recalled Mainstays Electric Mini Chopper container with blade and lid

**Name of Product:**

{04134994;v1 }

Case ID: 250802146

Mainstays Electric Mini Choppers

**Hazard:**

The chopper's blade can operate unexpectedly during assembly or when not enclosed in the container, posing a laceration hazard to consumers.

**Remedy:**
Refund

**Recall Date:**
April 04, 2024

**Units:**
About 51,750

Consumer

Contact

Walmart at 800-925-6278 from 7 a.m. through 9 p.m. CT any day, or online at https://corporate.walmart.com/recalls or https://corporate.walmart.com/ and click on 'Recalls' at the bottom of the page for more information.

21. By the time Defendants recalled the Product, it was too late to save Plaintiff from severe and disabling harm.

22. Defendants knew or should have known of the dangerous condition on the aforementioned Product and failed to take corrective action to address said conditions as set forth more fully herein.

23. The aforesaid accident caused the Plaintiff to suffer severe and permanent injuries and losses which are more fully set forth hereinafter.

24. At no time relevant hereto were the occurrences described herein caused by any fault, negligence, act or omission on the part of the Plaintiff.

25. The injuries described herein to the Plaintiff were caused solely by and were the

{04134994;v1 }

Case ID: 250802146

direct and proximate result of the negligence and/or carelessness of Defendants and its agents, servants, and / or employees.

## COUNT I: NEGLIGENCE
## SILKE ERNEY V. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER

26.     Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

27.     Defendants have a duty to exercise reasonable care in the quality control, retail, distribution, marketing, and sale of the Products it puts into the commerce stream, including the Mainstays Electric Minichopper.

28.     Defendants knew or should have known that consumers would be using the Product while preparing meals, and if the Product failed to function as intended, its users could be injured.

29.     Defendants breached its duties to Plaintiff by failing to exercise due care in the quality assurance, retail, marketing, distribution, and sale of the Product, generally and in the following particulars:

a.     failing to ensure the Product was free from defects at the time it was sold to Plaintiff;

b.     marketing, retailing, selling, and distributing a Product without proper guards, warnings, safety devices, and / or safety shut off systems;

c.     marketing, retailing, selling, and distributing a Product with improper placement of power button;

c.     selling and distributing a Product with blades that could operate unexpectedly;

{04134994;v1 }

Case ID: 250802146

d.       failing to properly inspect the Product prior to distribution and / or putting the Product into the stream of commerce; and

e.       marketing, retailing, selling and distributing a Product that fails to comply with applicable codes, regulations and industry standards with respect to the sale and distribution of a Product intended for home and consumer use.

30.      The said negligence, carelessness and recklessness of the Defendants herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

<u>**COUNT II: STRICT LIABILITY**</u>
<u>**SILKE ERNEY v. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP,**</u>
<u>**WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER**</u>

31.      Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

32.      Defendants are in the business of marketing, retailing, distributing and selling Products, including the Mainstays Electric Minichopper for use by residential consumers.

33.      Defendants distributed, sold or otherwise placed into the stream of commerce the Product that was used by Plaintiff for its intended use in the normal course of preparing a meal for her family.

34.      The Product was expected to and did reach the Plaintiff without a substantial change in condition in which it was manufactured and sold.

{04134994;v1 }

35. At the time the Product left the control of Defendants, the Product was defective and unreasonably dangerous because it was not in a condition to operate as intended.

36. The Product was defectively designed, rendering it unreasonably dangerous for its intended and foreseeable uses, in that it lacked a reliable interlock system to prevent blade activation unless fully and securely assembled.

37. A safer, practical, and economically feasible alternative design existed at the time the Product was placed into the stream of commerce, which would have prevented or significantly reduced the risk of injury without impairing the Product's usefulness.

38. The defective condition of the Product could not have been known or reasonably discovered by the consumer.

39. The defective and unreasonably dangerous condition of the Product was the direct and proximate cause of the damages and injuries suffered by Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

### COUNT III: BREACH OF EXPRESS AND IMPLIED WARRANTIES
### SILKE ERNEY v. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER

40. Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

41. Defendants marketed and advertised the Product as safe, easy to use, and suitable for use in the residential kitchen such as Plaintiff's use of the Product and impliedly warranted that it was free from defect and that it would operate as intended.

{04134994;v1 }

Case ID: 250802146

42.    The Product was purchased on the basis of these express and implied warranties that the Product would operate as intended. Plaintiff relied on these express and implied warranties.

43.    Defendants' sold and distributed a Product that was not merchantable, was defective, and did not conform to Defendant's representations. It was defectively manufactured so as to be unreasonably dangerous, or possessed a materially significant likelihood of being so. Therefore, Defendants breached the duty of the express and implied warranties of merchantability and fitness for a particular purpose when the Product left the Defendants' possession in such a state.

44.    Any disclaimers of express and implied warranties are ineffectual, as they were not provided to Plaintiff or otherwise made known to Plaintiff, who was not informed of the material non-compliance of the Product to the represented condition. In addition, any such disclaimers are unconscionable under the circumstances.

45.    As a direct and proximate result of Defendants' breach of warranties, Plaintiff has sustained economic and other damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

<u>**COUNT IV: DAMAGES**</u>
<u>**SILKE ERNEY v. DEFENDANTS, WALMART, INC., WAL-MART STORES EAST, LP,**</u>
<u>**WAL-MART STORES EAST, LLC AND WALMART SUPERCENTER**</u>

46.    Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

47.    As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Plaintiff, Silke Erney, sustained serious and severe injuries to her body including,

{04134994;v1 }

but not limited to, lacerations, nerve laceration, nerve injury, specifically digital nerve laceration, left index finger laceration with ulnar digital nerve laceration, transection of ulnar digital nerve left index finger, injury to flexor tendon, scarring, disfigurement, shock to her nerves and nervous system, muscle pain and tenderness, and spasm throughout the body, all of which has caused her to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

48.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Silke Erney, has been caused to suffer a loss of earning capacity which is or may be permanent in nature.

49.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Silke Erney, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

50.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Silke Erney, has suffered severe and permanent functional limitations and has been unable to attend to her usual and customary daily activities, occupations, labors, and social duties, to her great detriment and loss.

51.    As a further, direct and proximate result of the aforesaid occurrence, negligence and resulting injuries, Plaintiff, Silke Erney has been disfigured, which disfigurement shall be permanent.

52.    As a further direct and proximate result of the said injuries, Plaintiff, Silke Erney, has been forced to enlist the care and treatment of others, has been forced to undergo various forms of medical care and treatment, including surgery, and has been forced to spend various and diverse sums of money for medicine, care and treatment in and about an effort to treat and cure herself of

{04134994;v1 }

the aforesaid injuries, and she may continue to be obliged to expend sums of money in an effort to treat and cure herself for an indefinite time into the future, to her great detriment and loss.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants, Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores East, LLC, and Walmart Supercenter in an amount in excess of the statutory limits of arbitration.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN

By: _____
STEVEN B. BARRETT

DATE: August 19, 2025

{04134994;v1 }

Case ID: 250802146

## <u>VERIFICATION</u>

I, Silke Erney, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pa. Cons. Stat. Ann. Section 4904, relating to unsworn falsification to authorities.

Dated: 8/19/2025

_____
Silke Erney